**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:  ETHICON, INC.,
  PELVIC REPAIR SYSTEM
  PRODUCTS LIABILITY LITIGATION    MDL No. 2327

---

THIS DOCUMENT RELATES TO:

*Moore, et al. v. Ethicon, Inc., et al.*     Civil Action No. 2:14-cv-01172

**MEMORANDUM OPINION AND ORDER**
*(Defendants' Motion for Sanctions)*

Pending before the court is Ethicon, Inc. and Johnson & Johnson's (collectively "Ethicon") Motion for Sanctions [ECF No. 7]. The plaintiffs have responded to the motion [ECF No. 8] and Ethicon has replied [ECF No. 9], making it ripe for decision.[1] For the reasons stated below, Ethicon's Motion for Sanctions [ECF No. 7] is **GRANTED in part** and **DENIED in part**.

**I.   Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 70,000 cases currently pending, approximately 30,000 of which are in the Ethicon, Inc. MDL, MDL 2327. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 17, for example, ensures that Ethicon receives the plaintiff-specific information necessary to defend the cases against it. Under

---

[1] The plaintiffs filed a surreply without obtaining leave of the court, as required by Local Rule 7.1(a)(7). Thus, I did not consider the plaintiff's surreply or Ethicon's response to the surreply.

PTO # 17, each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. (*See* PTO # 17, *In re: Ethicon, Inc., Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-2327, entered Oct. 4, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html). Each plaintiff must submit a PPF within 60 days of filing a Short Form Complaint. (*Id.* ¶ 1b). Failure to do so subjects the plaintiff "to sanctions, to be determined by the court, upon motion of the defendants." (*Id.* ¶ 1i). The parties jointly drafted the requirements for PTO # 17, and I entered it as applicable to every one of the thousands of cases in this MDL.

Here, the plaintiffs filed their complaint on January 10, 2014, and their PPF was due to Ethicon by March 11, 2014. The plaintiffs did not submit a PPF during this time period. Indeed, the plaintiffs did not submit a PPF until Ethicon filed the instant motion, making the PPF more than 652 days late. Ethicon asks the court to dismiss the plaintiffs' case or, alternatively, sanction the plaintiffs a reasonable monetary penalty. The plaintiffs, while admitting that the PPF was untimely, insist that because the discovery deficiency has been cured and there was no bad faith, sanctions are not appropriate.

## II.     Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority has particular significance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*,

2

460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").[2]

### III.    Discussion

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiffs have not provided substantial justification for their failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Ethicon. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs. Accordingly, Ethicon's Motion to Dismiss is **DENIED in part** in regard to dismissing the plaintiffs' claim and **GRANTED in part** to the extent that it seeks the payment of reasonable expenses.

---

[2] The plaintiff's contention that the court must apply the *Wilson* factors before ordering monetary sanctions is inaccurate. The Fourth Circuit Court of Appeals has directed courts to consider the *Wilson* factors in the case of "extreme sanction[s]," such as dismissal or judgment by default, where the "district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)). The minor sanction ultimately ordered in this case, partial compensation of the expenses caused by the plaintiff's discovery violation, does not raise these concerns. Therefore, I do not find it necessary to review the *Wilson* factors.

To bring this Motion for Sanctions, Ethicon expended time and money identifying the plaintiffs as one of the non-compliant plaintiffs; assessing the effect of their discovery violations; drafting a motion to dismiss or for sanctions; serving the motion; and replying to the plaintiffs' brief in opposition. All knowledgeable MDL counsel would consider these efforts, which could have been avoided had the plaintiffs followed the court's order, to be worth $1000 at the least. Based on my understanding of the economic and administrative realities of multidistrict litigation, I conclude that a minimal representative valuation of Ethicon's expenses is $1000.

### IV. Conclusion

It is therefore **ORDERED** that the plaintiffs have **30 business days** from the entry of this Order to pay Ethicon **$1000** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[3] In the event that the plaintiffs do not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. It is further **ORDERED** that Ethicon's Motion for Sanctions [ECF No. 7] is **GRANTED in part** and **DENIED in part**. Finally, it is **ORDERED** that plaintiffs' counsel send a copy of this Order to the plaintiffs via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 20, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[3] The court directs Ethicon to communicate with plaintiffs' leadership regarding payment instructions.

4